UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES D. WATT, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>  Defendant. ) | NO. 2:03-CV-137 PS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the issue of subject matter jurisdiction. On March 21, 2005, the Court ordered defendant State Farm to show cause why this case should not be remanded for lack of subject matter jurisdiction. [Doc. 80]. Specifically, the Court questioned whether any circumstances existed under which Plaintiff Charles Watt could meet the amount in controversy requirement of 28 U.S.C. § 1332. Because there is potential for Watt to recover emotional distress damages and/or financial loss damages above the limits of the insurance policy, we find that we have jurisdiction over this matter.

### I.  BACKGROUND

This matter arises out of an automobile accident between Watt and an uninsured driver. Watt was injured in the accident and filed an uninsured motorist claim with State Farm, his automobile insurance company.  State Farm and Watt could not agree on the value of Watt's claim and proceeded to arbitration.  At the conclusion of the arbitration, the arbitrator's awarded Watt $150,000.00.  State Farm ultimately paid Watt $100,000.00 – which was the policy limits.

Thereafter, Watt filed this lawsuit in Lake County Superior Court alleging that State Farm acted in bad faith by delaying settlement of his claim when it refused to promptly pay the

policy limits and, instead, required Watt to arbitrate the value of the claim (as is provided in the insurance policy).  Watt alleges in his complaint that he is entitled to $50,000.00 in compensatory damages plus punitive damages. State Farm subsequently removed the matter to this Court based in part on this demand.

On March 31, 2005, we ordered State Farm to show cause why this matter should not be remanded for lack of subject matter jurisdiction for failure to satisfy the jurisdictional amount because we questioned whether Watt was entitled to any recovery above the policy limits.

## II.  ANALYSIS

The jurisdictional amount inquiry necessarily requires a discussion of the types of damages available for the tort of bad faith refusal to pay an insurance claim under Indiana law. The Indiana Supreme Court first recognized that an insured may maintain an action for breach of contract as well as for the tort of bad faith in the insurance context in *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993).  The *Erie* court first stated that "In tort actions generally, all damages directly related to the wrong and arising without an intervening agency are recoverable." *Erie*, 622 N.E.2d 515, 519 (Ind.1993). However, when discussing damages for this tort in particular, the Court noted that "***in most instances***, tort damages for the breach of duty to exercise good faith will ***likely*** by coterminous with those recoverable in a breach of contract action." *Id*. at 519 (emphasis added).  In *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002), the Indiana Supreme Court again recognized that the tort of bad faith handling of an insurance claim exists under Indiana law but did not discuss the type of damages that are recoverable in such cases.

No Indiana case that we can locate clearly delineates when an insured can receive more than contract damages in a bad faith case. *See e.g. Allstate Ins. Co. v. Hammond*, 759 N.E.2d 1166, 1170, n.5 (Ind. App. 2001) (noting the lack of clarity in the law).  In other words, the question presented for our consideration is what set of facts takes a case outside of "most instances" – as the *Erie* court used that phrase – and allows an insured to recover the whole range of tort damages?

After reviewing Indiana law on the topic we are satisfied that Watt's exhaustion of his contract damages is not fatal to our jurisdiction.  As mentioned, although the Indiana Supreme Court has yet to specifically discuss what types of damages are allowable in a bad faith tort claim, some Indiana appellate courts and courts in this District have allowed tort damages in bad faith actions that are different than contract damages.  For example, in *Schimizzi v. Ill. Farmers Ins. Co.*, 928 F. Supp. 760 (N.D. Ind. 1996), the Court allowed the Plaintiff to recover damages for emotional distress if the jury found that the tort was intentional.  *Id*. at 776.  Moreover, in *Indiana Ins. Co. v. Plummer Power Mower & Tool Rental*, 590 N.E.2d 1085 (Ind. App. 1992), the Indiana appellate court recognized that consequential damages in a bad faith case were available to cover financial losses such as lost profits.  The *Indiana Insurance* court proffered the following example of recoverable financial losses:

> when a business owner contracts for insurance on his primary source of income, he has the expectation of prompt payment so that he can rebuild and continue his business after the occurrence of a catastrophe . . . Delayed payment, whether as a result of good or bad faith, will undoubtedly result in the failure of the owner's business. He cannot generate sufficient income to pay his bills because he has no business.  The damage incurred from such inability to pay bills flow directly, and are proximately caused by, the insurer's failure to pay.

*Id.* at 1092. At the hearing before this Court, Watt stated that he borrowed money in order to save his house and that he "lost substantially." This suggests that Watt is making a financial loss claim such as that contemplated in *Indiana Insurance*.

In addition, punitive damages can be awarded in Indiana for the tort of an insurer's bad faith handling of an insurance claim. *Gooch v. State Farm*, 712 N.E.2d 38,41 (Ind. Ct. App. 1999). Indiana law allows a plaintiff in a tort action to recover as punitive damages, the larger of three times the amount of compensatory damages or $50,000.00. I.C. § 34-51-3-4. The Seventh Circuit instructs the district courts to consider the possibility of punitive damages when determining the amount in controversy. *Anthony v. Security Pacific Fin. Servs.*, 75 F.3d 311 (7th Cir. 1996). Watt may be able to prove that he suffered emotional distress as a result of State Farm's actions. If Watt's alleged financial loss and/or emotional damages total $18,750.01, Watt meets the jurisdictional limit ($18,750.01 x 3 = $56,250.03 punitive damages + $18,750.01compensatory damages = $75,000.04). Watt may very well have the proof to make this claim.

Once the proponent of jurisdiction has set out the amount in controversy, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction. *Brill v. Countrywide Home Loan, Inc.*, __ F.3d __, 2005 WL 2665602, *2 (7th Cir. Oct. 20, 2005). While the law in Indiana is a bit murky on what exactly the measure of damages is in a claim for the tort of bad faith refusal to pay an insurance claim, we are satisfied that State Farm – the proponent of federal jurisdiction – has established that recovery of tort-like damages by Watt is possible. After all, in *Erie* the Indiana Supreme Court stated merely that "in most instances" tort damages for bad faith refusal to pay a claim will be the same as contract damages. *Erie*, 622 N.E.2d at

4

520. This plainly suggests that there are some cases in which a plaintiff will be able to receive more than contract damages thus opening the door to the whole range of tort like remedies. Whether this is such a case will be for proof at trial. In any event, we cannot say that there is a "legal certainty" that Watt's judgment will be less than the jurisdictional amount.

### III.  CONCLUSION

Because we find that Watt has satisfied the amount in controversy requirement set forth in 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this matter. The parties until November 15, 2005 to reinstate their summary judgment briefing if they so wish by filing a joint motion to reinstate. The parties need not refile the actual papers.

**SO ORDERED**.

ENTERED: October 27, 2005.

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT